**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **VERASEAL LLC,**<br>　　　　　Plaintiff,<br>　v.<br>**WALGREEN CO.,**<br>　　　　　Defendant. | CASE NO.  2:17-cv-723<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT
AGAINST WALGREEN CO.**

Plaintiff Veraseal LLC files this Original Complaint for Patent Infringement against Walgreen Co. ("Defendant") and would respectfully show the Court as follows:

## I. THE PARTIES

1. Plaintiff Veraseal LLC ("Veraseal" or "Plaintiff") is a Texas limited liability company with its principal place of business in the Eastern District of Texas at 5068 W. Plano Pkwy, Suite 300, Plano, Texas 75093.

2. On information and belief, Defendant Walgreen Co. is an Illinois corporation, with its headquarters at 200 Wilmot Road, Deerfield, Illinois 60015.  Defendant Walgreen Co. is registered for the right to transact business in Texas and has a registered agent in Texas, Prentice Hall Corporation System, 211 E. 7th Street, Suite 620, Austin, TX 78701.

## II. JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction of such action under 28 U.S.C. §§ 1331 and 1338(a).

4. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Texas Long Arm Statute, due at least to its substantial business in this forum, including at least a portion of the infringement alleged herein.

5. Defendant has numerous retail locations in the Eastern District of Texas including at 309 E End Blvd N, Marshall, TX 75670; 3301 N Fourth St, Longview, TX 75605; 1775 W Loop 281, Longview, TX 75604; 511 E Marshall Ave, Longview, TX 75601; 701 US-259 BUS, Kilgore, TX 75662; 2126 US-79, Henderson, TX 75654; 5415 S Broadway Ave, Tyler, TX 75703; 2120 E SE Loop 323, Tyler, TX 75701; 1620 S Broadway Ave, Tyler, TX 75701; 110 S SW Loop 323, Tyler, TX 75702; 1007 E Tyler St, Athens, TX 75751; 1130 S Broadway St, Sulphur Springs, TX 75482; 3000 McDermott Rd, Plano, TX 75025; 4130 Legacy Dr., Plano, TX 75024; 6324 Custer Rd, Plano, TX 75023; 2300 E Park Blvd, Plano, TX 75074; 2001 Custer Rd, Plano, TX 75075; 1600 Preston Rd, Plano, TX 75093; 6301 W Park Blvd, Plano, TX 75093; 4994 W University Dr., McKinney, TX 75071; 1651 W University Dr., McKinney, TX 75069; 7080 Virginia Pkwy, McKinney, TX 75071; 3001 Eldorado Pkwy, McKinney, TX 75070; 8996 Stacy Rd, McKinney, TX 75070; 1828 Texoma Pkwy, Sherman, TX 75090; 3603 Lamar Ave, Paris, TX 75460; 4415 N State Line Ave, Texarkana, TX 75503; and 1902 Richmond Rd, Texarkana, TX 75503.

6. On information and belief, within this state, Defendant has sold and offered for sale the patented inventions thereby committing acts of patent infringement alleged herein. In addition, on information and belief, Defendant has derived substantial revenues from its infringing acts occurring within the State of Texas and this District, including due at least to its sale of products within the State of Texas and from this District. Further, on information and belief, Defendant is subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and

services provided to persons or entities in the State of Texas and in this District. Further, on information and belief, Defendant is subject to the Court's personal jurisdiction at least due to its sale of products and/or services within the State of Texas and within this District. Defendant has committed such purposeful acts and/or transactions in the State of Texas and in this District, such that it reasonably should know and expect that it could be haled into this Court because of such activity.

7. Venue is proper in this district under 28 U.S.C. § 1400(b). On information and belief, Defendant has regular and established places of business in this District and has committed acts of infringement in this District such that this Court is a fair and reasonable venue for the litigation of this action. Defendant has at least twenty-eight regular and established places of business within this District. Defendant is registered to do business in Texas and has a registered agent in Austin, Texas. On information and belief, from and within this District Defendant has committed at least a portion of the infringements at issue in this case by selling and offering for sale the Accused Instrumentalities (described below) in its stores located within this District.

8. For these reasons, personal jurisdiction exists and venue is proper in this District and with this Court.

### III. COUNT I
### (PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 6,041,953)

9. Plaintiff incorporates the above paragraphs herein by reference.

10. On March 28, 2000, United States Patent No. 6,041,953 ("the '953 patent") was duly and legally issued by the United States Patent and Trademark Office. The '953 Patent is titled "Containers and Closures Therefor." The application leading to the '953 patent was filed on March 5, 1998. The application leading to the '953 patent is a continuation-in-part of application No.

08/930,497 filed as application No. PCT/AU96/00195, April 4, 1996. A true and correct copy of the '953 Patent is attached hereto as Exhibit A and incorporated herein by reference.

11. Veraseal is the assignee of all right, title and interest in the '953 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '953 patent. Accordingly, Veraseal possesses the exclusive right and standing to prosecute the present action for infringement of the '953 Patent by Defendant.

12. The invention of the '953 patent relates to the field of containers and closures. (Ex. A at col. 1:7-9).

13. Prior art containers and closures had many minor surface imperfections caused by the molding operations and thermal contraction. (*Id.* at col. 1:10-12). The imperfections made it extremely difficult to properly seal the containers. (*Id.* at col. 1:12-19). Various shapes of screw threaded containers, closures, and sealing gaskets have been used including complementary cone-shaped sealing surfaces for containers and closures with or without machine finish of the inter-engaging parts. (*Id.* at col. 1:20-24). These arrangements were costly, often required considerable physical effort to lock and unlock the closure from the container, and still sometimes leaked. (*Id.* at col. 1:24-29).

14. The inventor of the '953 patent recognized the problems of the prior art and designed a container and removable closure that "overcomes the problems previously encountered and provides a simple and inexpensive construction whereby the closure is effectively sealed and preferably locked to the container to effect a leak-proof seal with minimum effort." (Ex. A at col. 1:30-34). The claimed invention is described more fully below in the context of infringement.

15. **<u>Direct Infringement.</u>** Upon information and belief, Defendant has been directly infringing at least claims 1-4 of the '953 patent in the State of Texas, in this District, and elsewhere

in the United States, by actions comprising selling and offering for sale containers with removable closures, including 500 ml Crystal Geyser water bottle products ("Accused Instrumentality"). Upon information and belief, the Accused Instrumentality is a container and a removable closure that can be applied to the container in a sealing position:





Crystal Geyser - Alpine Spring Water - 500ml - Closure Cross-Sectional Scan

16. The Accused Instrumentality has a container with an outlet having an inner and outer surface terminating at one end in a rim:



Crystal Geyser - Alpine Spring Water - 500ml - Closure Cross-Sectional Scan

17. The closure of the Accused Instrumentality has an end wall with an inner and outer skirt and the inner and outer skirts define a slot between them:



Crystal Geyser - Alpine Spring Water - 500ml - Closure Cross-Sectional Scan

6

18. The slot of the Accused Instrumentality receives the container rim when the closure is applied to the container and is in a sealing position:



Crystal Geyser - Alpine Spring Water - 500ml - Closure Cross-Sectional Scan

The closure (green) is applied to the container (red) as shown above.

19. The inner skirt of the closure of the Accused Instrumentality has a deflecting section in the region of the free end of the inner skirt, and a sealing section spaced from the deflecting section:



Crystal Geyser - Alpine Spring Water - 500ml - Closure Cross-Sectional Scan

7

20. Between the deflecting and sealing sections of the closure of the Accused Instrumentality, there is a space between the inner skirt of the closure and the inner surface of the outlet of the container:



Crystal Geyser - Alpine Spring Water - 500ml - Closure Cross-Sectional Scan

21. The cross-sectional area of the deflecting section of the closure of the Accused Instrumentality is greater than the cross-sectional area of the inner surface of the outlet of the container such that when the closure is applied to the container, the deflecting section of the inner skirt engages the inner surface of the outlet and causes a deflection thereof:



Crystal Geyser - Alpine Spring Water - 500ml - Closure Cross-Sectional Scan

22.     The sealing section of the closure of the Accused Instrumentality engages the inner surface and rim of the outlet of the container in a sealing engagement with the sealing zone to seal the closure to the container:



Crystal Geyser - Alpine Spring Water - 500ml - Closure Cross-Sectional Scan

23.     Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is thus liable to Plaintiff for damages in an amount that adequately compensates Plaintiff for such Defendant's infringement of the '953 patent, *i.e.*, in an amount that by law cannot be less than would constitute a reasonable royalty for the use of the patented technology, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

24.     On information and belief, Defendant had notice of the '953 patent by operation of law and as described above, and there are no marking requirements that have not been complied with.

## VI. JURY DEMAND

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of United States Patent No. 6,041,953 has been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b. Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

c. That Plaintiff be granted pre-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

d. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.


Dated:  November 1, 2017                             Respectfully submitted,

                                            */s/ David R. Bennett*
                                        By:  David R. Bennett
                                             Direction IP Law
                                             P.O. Box 14184
                                             Chicago, IL 60614-0184
                                             Telephone: (312) 291-1667
                                             e-mail:  dbennett@directionip.com

                                             **ATTORNEY FOR PLAINTIFF**
                                             **VERASEAL LLC**